**UNITED STATES of America**

**v.**

**James KENT, also known as Lashon Kent, also known as Bernard Bearfort**

**James I. Kent, Appellant.**

**No. 08–4006.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 27, 2009.

Opinion filed: March 24, 2009.

John Gallagher, Office of United States Attorney, Philadelphia, PA, for United States of America.

James I. Kent, Coleman, FL, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

---

**2.** A certificate of appealability is not necessary for the purpose of this appeal. *See* 28 U.S.C. § 2253(a).

## OPINION

### PER CURIAM.

James Kent appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which denied his motion to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). We will affirm the Court's order.

By way of his motion, Kent sought to have his sentence reduced pursuant to Amendment 660 to the United States Sentencing Guidelines (U.S.S.G.). As the District Court noted, Amendment 660 revised U.S.S.G. § 5G1.3, and became effective after Kent was sentenced, but while his direct appeal was pending. The District Court properly denied the motion. First, Amendment 660 is not listed in U.S.S.G. § 1B1.10(c) as an amendment which may be applied retroactively. *See United States v. Thompson,* 70 F.3d 279, 281 (3d Cir.1995) (amendment not listed in § 1B1.10(c) is not given retroactive effect). Second, even if Amendment 660 is a clarifying amendment which might be applied to a case pending on direct appeal, *see e.g., United States v. Diaz,* 245 F.3d 294, 301 (3d Cir.2001); Kent's case is not on direct appeal. Third, as the District Court noted, the Amendment, which recommends that state and federal sentences run concurrently in certain situations, does not in any event apply in Kent's case, as his state sentence was due to revocation of his state-imposed parole. *See* U.S.S.G. § 5G1.3 comment 3(C).

For the foregoing reasons, we will affirm the District Court's order.